**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

LATONYA BROWN,

    Plaintiff,

                                                                                          Case No. 8:04-CV-2150-T17-MSS

vs.

UNUM LIFE INSURANCE COMPANY
OF AMERICA,

    Defendant.

_____/


**ORDER ON DEFENDANT'S MOTION TO DISMISS IN PART AND STRIKE IN PART**

      This cause comes before this Court on motion (Dkt. N. 7) by Defendant, UNUM Life Insurance Company of America, to dismiss one count and strike two paragraphs of Plaintiff, Latonya Brown's, complaint (Dkt. N. 1) filed September 28, 2004, and Plaintiff's response thereto (Dkt. N. 9). For the reasons set forth below, this motion is **GRANTED IN PART** and **DENIED IN PART**.

**I. BACKGROUND**

      In deciding a motion to dismiss, all well-pled facts must be construed in the light most favorable to the plaintiff. *Littell v. United States*, 191 F. Supp. 2d 1338, 1339 (M.D. Fla. 2002). Therefore, the Court will assume for purposes of this motion the truth of relevant facts alleged in Plaintiff's Complaint. (Dkt. N. 1).

      The Plaintiff asserts, and Defendant admits, that, at all times material to this action, an insurance plan providing for disability benefits was in effect and that Plaintiff was an eligible

1

CASE NO. 8:04-CV-2150-T17-MSS

participant in the plan. The plan documents provided for compensating Plaintiff for a percentage of her salary in the event that she became disabled as contemplated in the plan documents.

Plaintiff alleges that she suffers from several physical conditions that prevent her from performing the substantial and material duties of any occupation, and that she has been unable to perform the material and substantial duties of her own, or any other occupation, at all times material to this claim, so she is considered disabled under the terms of the plan. After complying with the terms of the plan regarding notice to the Defendant, Defendant began to pay Plaintiff long-term disability benefits in September of 2001. Two years later, Defendant terminated Ms. Brown's benefits in September 2003.

Plaintiff asserts this termination was made based on an alleged lack of medical evidence to support a physical impairment that would preclude work in an alternative sedentary occupation, despite Plaintiff being approved for Social Security Disability Income benefits after the Social Security Administration deemed her disabled and unable to perform any occupation. Additionally, the Florida Department of Education declined to offer her vocational rehabilitation services due to its conclusion that her disability was too severe for rehabilitation services to result in an employment income.

Plaintiff appealed the decision terminating her benefits and provided the Defendant with additional medical evidence of her disability, but Defendant issued its final denial upholding the decision to terminate Plaintiff's benefits.

Plaintiff has brought this suit under provisions of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001, *et seq*. Count I of Plaintiff's suit pleads entitlement to past-due benefits retroactive to September 2003 when her benefits were terminated by Defendant. Plaintiff alleges in Count II that Defendant has breached fiduciary duties owed to Plaintiff. Finally, Plaintiff asserts that Defendant has acted in bad faith in denying Plaintiff

CASE NO. 8:04-CV-2150-T17-MSS

benefits, raising "the presumption of conscience [sic] indifference to the consequences" of Defendant's actions. Plaintiff claims Defendant owes her unpaid benefits, interest on those benefits from the date of alleged wrongful termination, "and/or . . . appropriate equitable relief as a result of the acts and/or omissions of the Defendant."

## II. STANDARD OF REVIEW

In ruling on a motion to dismiss, a court should not dismiss a complaint unless it appears beyond doubt that Plaintiff can prove no set of facts that would entitle her to relief. *Conley v. Gibson*, 355 U.S. 41 (1957). In considering a motion to dismiss, the court must take all material allegations of the complaint as true and liberally construe those allegations in favor of a plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232 (1974). When, on the basis of a dispositive issue of law, no construction of the factual allegation will support the cause of action, dismissal of the complaint is appropriate. *Executive 100, Inc. v. Martin County*, 922 F.2d 1536 (11th Cir.1991). Finally, to survive a motion to dismiss, the complaint must only cross an "exceedingly low" threshold of sufficiency. *Ancata v. Prison Health Svc., Inc.*, 769 F.2d 700, 703 (11th Cir.1985).

Under Rule 12(f) of the Federal Rules of Civil Procedure, the court may order stricken from any pleading any "redundant, immaterial, impertinent, or scandalous matter" upon motion by any party. Fed. R. Civ. P. 12(f). A motion to strike is a "drastic remedy" disfavored by the courts, and will "usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *Augustus v. Board of Public Instruction of Escambia County, Fla.*, 306 F.2d 862, 868 (5th Cir.1962). Further, when deciding a motion to strike, a court must accept the truthfulness of well-pled facts and "cannot consider matters beyond the pleadings." *Carlson Corp./Southeast v. School Bd. of Seminole County, Fla.*, 778 F. Supp. 518 (M.D. Fla. 1991).

## III. DISCUSSION

CASE NO. 8:04-CV-2150-T17-MSS

As the present action is best understood as both a motion to dismiss and a motion to strike, each of those requests will be considered separately.

**A.      Motion to Dismiss**

ERISA authorizes bringing of civil actions to recover benefits due, enforce rights, or clarify rights to future benefits. 29 U.S.C. § 1132(a)(1)(B). ERISA also allows action "to obtain other appropriate equitable relief." 29 U.S.C. § 1132(a)(3)(B). The latter provision is considered a "catchall" that can include a remedy for breach of fiduciary duty. *Jones v. Am. Gen. Life & Accident Ins. Co.*, 370 F.3d 1065, 1071 (11th Cir. 2004) (citing *Varity Corp. v. Howe*, 516 U.S. 489 (1996)). However, *Varity* suggests, and the Eleventh Circuit has followed the suggestion, that, where adequate relief is available elsewhere in the statute, there will ordinarily be no need for other equitable relief. *Varity*, 516 U.S. at 515; *Katz v. Comprehensive Plan of Group Ins.*, 197 F.3d at 1088–1089; *Jones*, 370 F.3d at 1073.

Defendant argues that the Eleventh Circuit's interpretation of *Varity* precludes Plaintiff's claim for breach of fiduciary duty because her claim for past-due benefits is an adequate remedy at law. Defendant cites *Katz v. Comprehensive Plan of Group Ins.*, 197 F.3d 1084 (11th Cir. 2000), suggesting that the Plaintiff in this case, just like the plaintiff in *Katz*, has an adequate remedy available under § 1132(a)(1)(B).

Plaintiff argues, conversely, that *Flint v. ABB, Inc.*, 337 F.3d 1326 (11th Cir. 2003), requires assertion of a breach of fiduciary duty under the catchall in order to preserve a claim for prejudgment interest. The court did observe in *Flint* that "no circuit has recognized a claim for interest under" ERISA's provision for recovering past-due benefits. *Id.* at 1329. It noted, though, that several other circuits have held interest on delayed benefits could be considered equitable relief though before the Supreme Court narrowed the interpretation of the catchall provision. *Id.* at 1330 (citing *Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204 (2002)). The court

CASE NO. 8:04-CV-2150-T17-MSS

declined, however, to answer the question of whether the catchall provision "ever allows an award of interest for delayed benefits or whether such a claim is an impermissible attempt to dress an essentially legal claim in the language of equity." *Flint*, 337 F.3d at 1331.

Another court in this circuit has recently considered *Flint* distinguishable when a claim for interest is brought at the same time as the claim for past-due benefits, as opposed to an independent claim for interest after the past-due benefits had been paid. *Cheal v. Life Ins. Co. of North America*, 330 F. Supp. 2d 1347 (N.D. Ga. 2004). With facts similar to the present case, *Cheal* considered a suit for an allegedly wrongful denial of disability benefits and breach of fiduciary duty, and considered *Flint*:

> The Eleventh Circuit's holding in *Flint* is inapposite, however, because in *Flint,* the defendant voluntarily paid the plaintiff for retroactive benefits and the plaintiff attempted to assert a separate claim solely to recover interest on the payment. The *Flint* court held that [§ 1132(a)(1)(B)] which permits a claim "to recover benefits due to [plaintiff] under the terms of the plan" would not support an *independent claim* for interest unless it was permitted under the terms of the plan. Here, Plaintiff has asserted a claim to recover *benefits* under [§ 1132(a)(1)(B)], which Defendants do not challenge. Unlike the plaintiff in *Flint,* who had already received his benefits and who attempted to assert a claim for interest only pursuant to [§ 1132(a)(1)(B)], if [Plaintiff] prevails on the merits of his claim, he may be entitled to a *judgment* for benefits. If he is successful in recovering a judgment for benefits, then he may be able to recover prejudgment interest at the discretion of the Court.

*Cheal v. Life Ins. Co. of North America*, 330 F. Supp. 2d 1347, 1352–1353 (N.D. Ga. 2004) (citations omitted, emphasis in original). That court further concluded that, because prejudgment interest was available at the discretion of the court, if the plaintiff prevailed on his claim for past-due benefits, an adequate remedy was indeed available at law for his claim for interest. *Id.* at 1356. It reasoned that, while a claim for interest might appropriately be characterized as a claim for equitable relief under § 1132(a)(3)(B), the relief sought is essentially the same as that available at law under § 1132(a)(1)(b). *Id.* at 1355. Where an ERISA plaintiff has an adequate remedy available at law, that plaintiff may not alternatively plead an equitable remedy. *Id.* (citing *Katz v. Comprehensive Plan of Group Ins.*, 197 F.3d 1084, 1089 (11th Cir. 1999)).

5

CASE NO. 8:04-CV-2150-T17-MSS

This Court finds *Cheal* persuasive, and agrees with its interpretation of *Flint*.[1] While Plaintiff's action in Count II of her complaint, at least as far as it exists to preserve a right to prejudgment interest, would appear to be precluded by the availability of an adequate remedy at law, it is also unnecessary to preserve possible recovery of prejudgment interest if she prevails on her claim for past-due benefits.

This does not end the inquiry, however, because, for purposes of establishing whether a plaintiff has stated a claim under § 1132(a)(3)(B), the Eleventh Circuit has said that a district court should consider whether the allegations supporting the § 1132(a)(3)(B) claim are also sufficient to state a cause of action under § 1132(a)(1)(B), regardless of the relief sought, and irrespective of a plaintiff's allegations supporting any other claims. *Jones*, 370 F.3d at 1073–1074.

Here, Plaintiff has asserted a specific breach of the fiduciary duty on the part of the Defendant in allegedly failing to discharge its "duty under the plan with the care, skill, prudence and diligence . . . that a prudent person" it its position would use. (Dkt. N. 1). Paragraph 17 of the complaint, which Defendant seeks to have stricken, alleges that the denial of Plaintiff's claim was not only a breach of the terms of the plan, but also of Defendant's fiduciary responsibilities to Plaintiff. Although perhaps pled inartfully by its inclusion only in Count I, the assertion that Defendant had ignored "voluminous medical records and clear opinions of [Plaintiff's] treating physicians without any contrary evidence of its own" would support a claim that Defendant had not acted as a prudent person in denying Plaintiff's claim. Finally, in asking for appropriate, though unspecified, equitable relief for such a breach, which could arguably include the equitable remedy of reinstatement, Plaintiff has, indeed, stated a claim for which relief could be granted and one which may be appropriate under the catchall provision of § 1132(a)(3)(B).

---

[1] The Court further agrees with *Cheal*'s observation that absurd results would flow from reading *Flint* as prohibiting all awards of prejudgment interest and "create a perverse incentive for ERISA Plans to withhold benefits as long as possible." *Cheal*, 330 F. Supp. 2d at 1356 n. 11.

6

CASE NO. 8:04-CV-2150-T17-MSS

The question remains, however, whether or not these allegations are also sufficient to state a cause of action under § 1132(a)(1)(B). Unlike the plaintiffs in *Jones*, who conceded they were not entitled to any plan benefit under § 1132(a)(1)(B) and would have no remedy at all unless permitted to proceed under the catchall provision (*Jones*, 370 F.3d at 1074), Plaintiff here may well, under Count I of her complaint, recover past-due benefits, prejudgment interest in the discretion of the court, and, possibly, "clarify [her] rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). As the Eleventh Circuit has clearly stated, a claim for breach of fiduciary duty cannot be considered appropriate equitable relief under § 1132(a)(3)(B) if an adequate remedy is available under § 1132(a)(1)(B). *Jones*, 370 F.3d at 1073 (citing *Katz*, 197 F.3d at 1088–1089). Plaintiff's claims under Count II of her complaint are, therefore, precluded by the availability of an adequate remedy at law, whether seeking past-due benefits, prejudgment interest, or future benefits through reinstatement.

**B.     Motion to Strike**

Defendant asserts that paragraphs 17 and 18 of Plaintiff's complaint should be stricken under FRCP 12(f) because they are both "impertinent and immaterial to the claim for plan benefits in this case." Paragraph 17 of the complaint asserts breach of the terms of the plan and a breach of fiduciary duties. Paragraph 18 raises a bad faith claim.

This Circuit's long-held view of motions to strike is well known:

> A disputed question of fact cannot be decided on motion to strike. It is true, also, that when there is no showing of prejudicial harm to the moving party, the courts generally are not willing to determine disputed and substantial questions of law upon a motion to strike. Under such circumstances, the court may properly, and we think should, defer action on the motion and leave the sufficiency of the allegations for determination on the merits.

*Augustus*, 306 F.2d at 868 (5th Cir. 1962) (footnotes omitted).

For reasons stated above, that portion of Paragraph 17 referring to an alleged breach of fiduciary duty is no longer relevant to the action and is due to be stricken. That portion of

7

CASE NO. 8:04-CV-2150-T17-MSS

Paragraph 17 that alleges breach of the terms of the plan under which Plaintiff was covered, however, is essential to her claim for past-due benefits and should not be stricken. Whether or not Defendant breached the terms of the plan is the central question in this dispute, and that question remains to be answered at a later stage in this proceeding.

Defendant further argues, however, that Paragraph 18 is "impertinent and immaterial" to the claim for benefits. Plaintiff properly refers to *Wright v. Hanna Steel Corp.*, 270 F.3d 1336, 1344–1345 (11th Cir. 2001), in arguing in response that "allegations of bad faith have a direct bearing on a subject matter of the litigation," asserting that a determination of whether a defendant acted in bad faith is a significant factor in the test for awarding, at the Court's discretion, attorney's fees under ERISA. Although, as *Wright* points out, bad faith is not itself decisive, it is also not irrelevant. *Wright*, 270 F.3d at 1345. The Court notes, additionally, that Plaintiff cited no support for her assertion that a fiduciary breach must also be asserted in seeking attorney's fees, or that other courts have deemed such a breach as justification for such an award.

As the question of bad faith is proper for the Court to consider in any determination of attorney's fees should the Plaintiff prevail, Paragraph 18's assertions in that regard are not immaterial to this action and should not be stricken. Accordingly, it is

CASE NO. 8:04-CV-2150-T17-MSS

**ORDERED** that Defendant's motion to dismiss Count II of Plaintiff's complaint is **GRANTED**, and Defendant's motion to strike is **GRANTED IN PART** and **DENIED IN PART**, striking only that portion of Paragraph 17 referring to an alleged breach of fiduciary duty.

**DONE and ORDERED** in Chambers in Tampa, Florida, on this 18th day of April, 2005.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

All parties and counsel of record